UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVID WILLIAMS #98840**　　　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 20-05**

**UNITED STATES OF AMERICA, ET AL.**　　　　　　　　　**SECTION: "G"(1)**

### REPORT AND RECOMMENDATION

Petitioner, David Williams, is a Louisiana state prisoner. In 1982, he was convicted of aggravated rape and sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. After his state criminal judgment became final, he repeatedly sought federal habeas corpus relief without success.

In his first federal petition, filed in 1989, he claimed that the evidence at trial was insufficient to support his conviction. That petition was denied with prejudice on the merits. Williams v. Louisiana State Penitentiary, Civ. Action No. 89-0521 (E.D. La. Feb. 15, 1990). He appealed that judgment, but the United States Fifth Circuit Court of Appeals denied his motion for certificate of probable cause on March 21, 1990.

In 2001, petitioner filed a second petition for writ of habeas corpus related to this same state criminal judgment. In that petition, he claimed that he was denied due process when the state instituted prosecution and proceeded to trial without a grand jury indictment. The Court construed the petition in part as a motion for authorization to file a second or successive habeas petition and transferred it to the United States Fifth Circuit Court of Appeals. Williams v. Cain, Civ. Action

No. 01-2048 (E.D. La. Aug. 27, 2001). The Court of Appeals denied authorization. <u>In re</u> Williams, No. 01-31002 (5th Cir. Nov. 5, 2001).

In 2007, petitioner then filed a third petition for writ of habeas corpus related to this same state criminal judgment. In that petition, he claimed (1) his prosecution for aggravated rape was not properly initiated by grand jury indictment, (2) the trial court gave erroneous jury instructions, (3) he was denied effective assistance of counsel during trial, at sentencing, and on appeal, (4) there was insufficient evidence to convict him, (5) prosecutorial misconduct, and (6) the state withheld <u>Brady</u>[1] material. The Court likewise construed that petition in part as a motion for authorization to file a second or successive habeas petition and transferred it to the United States Fifth Circuit Court of Appeals. <u>Williams v. Cain</u>, Civ. Action No. 07-9724, 2008 WL 505191 (E.D. La. Feb. 20, 2008). The Court of Appeals again denied authorization and warned petitioner that "the filing of frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." <u>In re</u> Williams, No. 08-30217 (5th Cir. June 3, 2008).

Undeterred, petitioner filed a motion for authorization to file a second or successive habeas petition directly with the United States Fifth Circuit Court of Appeals in 2019. In that motion, he explained that he sought authorization to file a habeas corpus petition claiming (1) the trial court lacked jurisdiction because the bill of information was null and void and he was not charged by grand jury indictment, (2) the state withheld <u>Brady</u> material, (3) his trial and appellate counsel were ineffective, (4) the evidence of his guilt was insufficient, and (5) his continued detention was

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

illegal because he was never duly convicted of a crime and because the trial judge did not sign a warrant authorizing his transfer from the parish jail to the state penitentiary. The Court of Appeals once again denied authorization and further held:

> Williams was warned previously that the filing of repetitive and frivolous motions to proceed with a successive § 2254 motion would invite the imposition of a sanction. Because he has now filed another meritless motion for authorization, it is ORDERED that Williams must pay a monetary sanction of $100 to the clerk of this court. *Williams is BARRED from filing any pleading in the district court or this court concerning his convictions or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such a challenge.* Williams is further WARNED that any future frivolous, repetitive, or otherwise abusive filings in the district court or this court will subject him to additional and progressively more severe sanctions.

In re Williams, No. 19-30902 (5th Cir. Dec. 3, 2019) (emphasis added).

Upon receiving that order, petitioner promptly filed with this Court a voluminous document which he styled as a "constitutional challenge to 28 U.S.C. § 2244." In that document, he appears to argue that the provisions of federal law that limit his ability to file a second or successive habeas corpus petition are unconstitutional because they infringe on his right to petition the government for redress of grievances and inhibit his right of access to the courts. He concludes by arguing that this Court should therefore declare the foregoing limitations unconstitutional and rule on his underlying habeas corpus claims.[2] The Clerk of Court construed that filing as a deficient federal application seeking habeas corpus relief, issued a "Notice of Deficient Filing," and instructed petitioner to resubmit his pleading on the approved habeas corpus form.[3] Petitioner responded to

---

[2] Rec. Doc. 1.
[3] Rec. Doc. 3.

3

the Clerk's Notice by stating that "[m]y papers are titled as a U.S. Constitutional Challenge Not as a Habeas Corpus."[4]

Nevertheless, regardless of how petitioner wishes to characterize his pleading, one thing is clear: in his pleading, he seeks to have this Court both hold that he is not subject to the restrictions on second or successive habeas corpus application *and* consider the merits of his underlying habeas claims challenging the validity of his conviction. Therefore, regardless of the nature of the filing, it is one which *concerns* his conviction and, as such, is subject to the foregoing restriction imposed by the Court of Appeals. Because petitioner neither paid the $100 sanction[5] nor requested and received leave of court prior to filing the instant petition, it was not properly filed and should be dismissed on that basis.

Further, even if this Court were to liberally construe the petition as one requesting leave of court for the filing, such leave should be denied for two reasons. First, he is asking this Court to assist him in circumventing the Court of Appeals' prior rulings and filing restrictions, and that is an invitation this Court should decline. As an inferior court, this Court is bound to uphold and comply with the directives of the Court of Appeals. Second, in any event, petitioner's underlying argument as to why he should be allowed to proceed, i.e. that the statutory provisions regarding second or successive applications are unconstitutional, is meritless. See, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1998); Graham v. Johnson, 168 F.3d 762, 787-88 (5th Cir. 1999).

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's federal application be **DISMISSED**.

---

[4] Rec. Doc. 4.
[5] On February 12, 2020, the undersigned's staff confirmed with the United States Fifth Circuit Court of Appeals' Clerk of Court that the sanction has not been paid.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __13th__ day of February, 2020.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**